# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon P. Humphries, | No. CV-17-01606-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Insurance Company, *et al.*, | |
| Defendants. | |

At issue are Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32, Mot.), to which Plaintiff Damon P. Humphries filed a Response (Doc. 38, Resp.), and Defendant filed a Reply (Doc. 39, Reply); and Defendant's prior Motion to Dismiss (Doc. 17)—filed before Plaintiff amended her Complaint—to which Plaintiff filed a Response (Doc. 31) and Defendant filed a Reply (Doc. 35). The Court has reviewed the parties' briefs and finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.     LEGAL STANDARD**

The Court must have personal jurisdiction over the parties to adjudicate a matter. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The party invoking the jurisdiction of the Court has the burden of establishing that personal jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Prior to trial, a

defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc*, 557 F.2d at 1285; Fed. R. Civ. P. 12(b)(2). In that instance, the plaintiff is "'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).

To demonstrate the Court's jurisdiction over a defendant, the plaintiff must show that (1) the state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of jurisdiction comports with constitutional principles of due process. *Id.*; *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Under Arizona's long-arm statute, the exercise of personal jurisdiction is allowed to the same extent as the United States Constitution. *See* Ariz. R. Civ. P. 4.2(a); *Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (stating that under Arizona Rule of Civil Procedure 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution"). A court in Arizona may exercise personal jurisdiction over a nonresident defendant when doing so comports with constitutional principles of due process. *Cybersell*, 130 F.3d at 416.

Constitutional requirements of due process require that the nonresident defendant have certain "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Data Disc*, 557 F.2d at 1287. A court may assert general or specific jurisdiction over the nonresident defendant. *Cybersell*, 130 F.3d at 416.

**II.     ANALYSIS**

    **A.     General Jurisdiction**

General jurisdiction exists where the nonresident defendant's activities within a state are "substantial" or "continuous and systematic." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Data Disc*, 557 F.2d at 1287. The "paradigm bases" for general

jurisdiction over a corporation are at their place of incorporation and principal place of business. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at 760). However, a corporation is not rendered at home in only these forums; "in an exceptional case," a corporation's operations in another forum "may be so substantial and of such nature as to render the corporation at home in that State." *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.19.) "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts . . . . [R]ather, the inquiry calls for an appraisal of a corporation's activities in their entirety." *Id.* at 1559 (quoting *Daimler*, 134 S. Ct. at 761 n.20) (internal quotations omitted). But "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* (quoting *Daimler*, 134 S. Ct. at 761 n.20).

Defendant argues that under *BNSF*, there is no general jurisdiction over it in Arizona because it is incorporated in Delaware and has headquarters and a principal place of business in Illinois. (Mot. at 6; Reply at 2.) Plaintiff does not dispute these facts, but argues that Defendant has continuous and substantial contacts within Arizona in the context of its entire activities, which is sufficient to establish general jurisdiction. Specifically, Plaintiff contends Defendant is the "second or third largest property and casualty insurer in the nation; a company licensed in 49 states, including Arizona; . . . [and] a company that advertises nationally." (Resp. at 2.) However, Plaintiff fails to provide any supporting evidence of these points, as she is required to do. *See Scott*, 792 F.2d at 927.

To the extent Plaintiff did attempt to provide evidence to support the position that Defendant has sufficient contacts in Arizona, Plaintiff simply attached Exhibits to her Motion without an affidavit, declaration, or any foundation. The Court cannot find this "evidence," such as it is, to be reliable. For example, in support of Plaintiff's claim that Defendant is licensed to write insurance in Arizona, Plaintiff provides what appears to be a screenshot of an internet search that shows Allstate Insurance Company's "statutory home office" to be in Illinois. (Resp. Ex. A.) Nothing on the screenshot appears to link

Allstate to Arizona, let alone demonstrate Allstate is "active in Arizona," as Plaintiff argues it demonstrates. (Resp. at 8; Ex. A.) In its utter lack of relevant content and reliability, this Exhibit does nothing to support Plaintiff's claims.

Plaintiff also provides what appears to be a 1996 power of attorney document between Defendant and the Arizona Department of Insurance (Resp. Ex. B); a 1958 "Certified Copy of Resolutions of the Board of Directors" of Defendant stating it desires "to transact business in every state" (Resp. Ex. C); and page 3 of an unknown document (that Plaintiff contends is an "excerpt from [a] sample Allstate policy") purporting to show that Defendant's insurance policy applies to losses within the United States of America and Canada (Resp. Ex. D). These exhibits are utterly lacking in foundation, reliability or probative value, and Plaintiff has thus provided the Court with no evidence that the Court can consider to find Defendant has the requisite continuous and substantial contacts in Arizona.[1] Because Plaintiff has failed to meet her burden to proffer sufficient facts supporting general personal jurisdiction, *see Scott*, 792 F.2d at 927, the Court cannot conclude it has general jurisdiction over Defendant.

Plaintiff next contends that, regardless of whether *BNSF*'s test for general jurisdiction is met, parties may consent to personal jurisdiction, thereby allowing courts to exercise general jurisdiction over the consenting party. (Resp. at 4 (citing *Pennsylvania Fire Ins. Co. of Phil. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917); *Ins. Corp. of Ir., Ltd.*, 456 U.S. at 701; and *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964)).) In particular, Plaintiff argues Defendant's 1958 appointment of power of attorney to the Arizona Director of Insurance in Arizona constitutes express consent to personal jurisdiction in Arizona. (Resp. at 6-7, Ex. B.) Again, Plaintiff has provided no reliable evidence to support her claim. Even if the Court found Plaintiff's claim to be supported by facts, Plaintiff appears to disregard the Supreme Court's note of caution in

---

[1] Plaintiff also uses a footnote to try to demonstrate Defendant has an office in Arizona, providing a hyperlink that leads to a website that itself appears to have links to Allstate's regional offices. (Resp. at 9 n.5.) This "evidence" fails for all of the same reasons.
- 4 -

*Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 617-18 (1990). In *Burnham*, the Supreme Court addressed states' requirements that nonresident corporations appoint in-state agents upon whom process could be served and providing for in-state substituted service for nonresident motorists who left the state before service could be accomplished. *Id.* at 617. The Court explained that, although it had initially held these requirements to be consent to personal jurisdiction in that state because such requirements were compliant with *Pennoyer*'s rigid requirements, such consent or presence under these agreements was really "fictional." *Id.* at 617-18.

*International Shoe* cast aside those fictions, requiring the inquiry into jurisdiction over nonconsenting defendants who are not present in the forum to turn on an examination of the "'quality and nature of activity in relation to the forum.'" *Id.* at 618 (quoting *Int'l Shoe*, 326 U.S. at 319). The general jurisdiction analysis was further clarified in *BNSF*, where the Supreme Court required the inquiry to be an appraisal of a corporation's activities in their entirety. *BNSF Ry. Co.*, 137 S. Ct. at 1559.

In *Daimler*, the Supreme Court noted that changes in the technology of transportation and communication, along with the growth of interstate business, meant that the strict territorial approach to jurisdiction must yield to a less rigid understanding of jurisdiction. 134 S. Ct. at 753-54 (citing *Burham*, 495 U.S. at 617). A categorical assertion of general jurisdiction where the corporation complies with a state's registration and appointment laws would essentially contradict *Daimler* and *BNSF*'s limitation of general jurisdiction to a corporation's place of incorporation, principal place of business, and *exceptional* cases where contacts with the forum state are substantial and of such nature to render it at home. With regard to the weight the Court is to give a defendant's appointment of an agent within the forum state, *Perkins v. Benguet Consolidated Mining Company* stated: "The corporate activities of a foreign corporation which, under state statute, make it necessary for it to secure a license and to designate a statutory agent upon whom process may be served provide a helpful but not conclusive test." 342 U.S. 437, 445 (1952); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 639 (2d Cir. 2016)

("[T]he sweeping interpretation that a state court gave to a routine registration statute and an accompanying power of attorney that *Pennsylvania Fire* credited as a general consent has yielded to the doctrinal refinement in *Goodyear* and *Daimler* and the Court's 21st century approach to general and specific jurisdiction in light of expectations created by the continuing expansion of interstate and global business.").

As this Court already noted, Plaintiff has provided no actual evidence of Defendant's contacts in Arizona and, even when considering Defendant's alleged appointment of an agent in Arizona, Plaintiff has failed to demonstrate Defendant has been rendered at home in the state of Arizona. Thus, the Court must find that it has no general jurisdiction over Defendant.

### B. Specific Jurisdiction

A court may exercise specific jurisdiction where the defendant's specific contacts have a substantial connection to the forum state and give rise to the claim in question. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984). Thus, whether a court may exercise specific jurisdiction in a given case turns on the extent of the defendant's contact with the forum and the degree to which the plaintiff's suit is related to the defendant's contacts. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). The Ninth Circuit uses the following approach to determine whether a court may exercise specific jurisdiction over a nonresident defendant: (1) the nonresident defendant must do some act in or consummate some transaction with the forum, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287.

The plaintiff bears the burden of establishing the first two requirements of the test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If the plaintiff establishes the first two requirements, the burden shifts to the defendant to

establish that the third requirement is not met. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). All three requirements must be met for the exercise of jurisdiction to comport with constitutional principles of due process. *Omeluk*, 52 F.3d at 270.

With regard to specific jurisdiction, Plaintiff first argues that, because the Court has personal jurisdiction over another Defendant in this matter, CorVel Corporation (since CorVel did not contest personal jurisdiction), and because CorVel was an agent of Defendant when it managed Plaintiff's health care, the Court also has personal jurisdiction over Defendant. This argument suffers the same deficiency as Plaintiff's general jurisdiction argument: it is unsupported by any evidence.

Defendant contests that CorVel acted as an agent for Defendant in its care of Plaintiff, arguing "CorVel had no authority when it came to paying benefits on [Plaintiff's] claim or deciding whether to adjust her attendant care." (Reply at 7-8.) Defendant contends its office in Michigan arranged for CorVel to conduct "an independent medical exam" of Plaintiff, which had to take place in Arizona, where Plaintiff now lives. (Reply at 8.) As the Court stated above, upon a challenge to personal jurisdiction, Plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott*, 792 F.2d at 927 (internal quotations omitted); *see also Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (stating a plaintiff attempting to demonstrate personal jurisdiction "cannot simply rest on the bare allegations of its complaint"). Plaintiff's unsupported argument as to agency is insufficient to demonstrate the Court's personal jurisdiction over Defendant.

Plaintiff next argues the Court should ignore the cases cited by Defendant showing its contacts with the forum state are inadequate to confer personal jurisdiction, and look instead to a "better line of cases"—one from Ohio state court and two from the Eleventh Circuit—to conclude that, because Defendant's policy allegedly covered accidents in the entire United States, Defendant purposefully availed itself of the privileges and benefits of doing business in every state, including Arizona. (Resp. at 16.) This argument is in the

same vein as Plaintiff's general jurisdiction argument, which the Court concluded Plaintiff failed to adequately support with evidence, as discussed above. This argument also fails to address the specific jurisdiction requirements that Plaintiff demonstrate that Defendant has the requisite contacts with Arizona *in this case* and that Plaintiff's claim is *related to those contacts*. *See Yahoo!* 433 F.3d at 1210. Indeed, Plaintiff provides no applicable legal authority supporting her argument that the Court should exercise specific jurisdiction over Defendant in this matter. (*See* Resp. to MTD at 13-16.)

If anything, Plaintiff's argument amounts to the proposition that, because Plaintiff moved to Arizona and Defendant reduced her benefits payments four years after she arrived in Arizona, Defendant performed an act directed at Arizona. The Supreme Court has explicitly held that "the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 134 S. Ct. 1115, 1119 (2014) (concluding that due process did not permit a Nevada court to exercise personal jurisdiction over a Georgia Drug Enforcement Agency officer who seized cash from airline passengers returning to Nevada, even if he knew his conduct would affect any return of the funds to the Nevada-bound passengers, because the passengers' contacts with Nevada were insufficient to create the requisite connection between the officer and Nevada). Here, Plaintiff has provided no evidence to show that Defendant had the requisite connections to Arizona, let alone that those connections played a role in Defendant's decision to reduce Plaintiff's benefits payments. From Plaintiff's allegations, the Court can only conclude that Plaintiff would have received the same decision from Defendant regardless of the location of Plaintiff's residence. In other words, the only connection that Plaintiff has shown Defendant has with Arizona in this case is through Plaintiff. This is insufficient. *See id.*

Because Plaintiff has failed to meet her burden to show that Defendant has the requisite minimum contacts with Arizona, the Court's exercise of personal jurisdiction

over Defendant does not comport with constitutional principles of due process. As a result, the Court must grant Defendant's Motion to Dismiss for lack of jurisdiction.

### C. Plaintiff's Request to Transfer

In her Response, Plaintiff requests that, in the event the Court concludes it has no personal jurisdiction over Defendant, the Court apply 28 U.S.C. § 1631 to transfer Plaintiff's claims against Defendant to the Northern District of Illinois—the location of Defendant's headquarters. (Resp. at 16-17.) Plaintiff fears that a "[t]ransfer anywhere else (with the exception of Delaware, [Defendant's] state of incorporation) would raise specific jurisdiction issues yet again (including in Michigan)." (Resp. at 17.) But Plaintiff provides no analysis as to which venue would be best under the change of venue statute, 28 U.S.C. § 1404. In a footnote, Plaintiff states that her claims against the other Defendant in this matter, CorVel, could be severed and remain before this Court. (Resp. at 17 n.13.)

In its Reply, Defendant asks the Court to transfer Plaintiff's claims against it to the Eastern District of Michigan—the location of Defendant's office that handled Plaintiff's claim. (Reply at 8-9.) Defendant argues that all of the relevant events in this litigation occurred in Michigan, and in its first Reply, it examined each of the venue factors under § 1404. (Doc. 35 at 10-11 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). Defendant also recognizes that Plaintiff's claims against CorVel could be severed and remain in this Court. (Reply at 8.)

Under 28 U.S.C. § 1631, which addresses the Court's transfer of a case to cure want of jurisdiction, the Court can transfer this case to "any other such court in which the action . . . could have been brought at the time it was filed." Venue is proper where "any defendant resides" or where "a substantial part of the events of omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). While a plaintiff's choice of venue is ordinarily entitled to deference, that presumption has less force when the plaintiff's choice is not its home forum. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Both Plaintiff's choice of venue—the Northern District of Illinois—and Defendant's choice of venue—the Eastern District of Michigan—are proper here. Defendant essentially concedes that it will be subject to personal jurisdiction in the Eastern District of Michigan, which addresses the only concern expressed by Plaintiff regarding whether that District is the best venue for this matter. (*See* Reply at 8-9.) Otherwise, the Court must agree with Defendant that, from Plaintiff's allegations, no events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, and all or almost all of them occurred in the Eastern District of Michigan. Considering the venue factors laid out in *Jones*, it is beyond dispute that the Eastern District of Michigan is the most appropriate venue to hear Plaintiff's claims against Defendant. *See* 211 F.3d at 498-99.

For the reasons stated above, the Court finds it is in the interest of justice under 28 U.S.C. § 1631 to transfer Plaintiff's claims against Defendant to the Eastern District of Michigan. The parties have not demonstrated that Plaintiff's claims against the other Defendant, CorVel, must remain with her claims against Defendant Allstate, so the Court will sever Plaintiff's claims against CorVel, and those shall remain pending before this Court.

**IT IS THEREFORE ORDERED** granting Defendant Allstate Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 32).

**IT IS FURTHER ORDERED** denying as moot Defendant Allstate Insurance Company's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 17).

**IT IS FURTHER ORDERED** severing Plaintiff's claims against Defendant Allstate Insurance Company and directing the Clerk of Court to transfer those claims to the Eastern District of Michigan as soon as is practicable. Plaintiff's claims against Defendant CorVel Corporation shall remain pending in this Court.

Dated this 27th day of March, 2018.

Honorable John J. Tuchi
United States District Judge