**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon P. Humphries, | No. CV-17-01606-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Insurance Company, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Certification of Order as Final Under Rule 54(b) (Doc. 41). Because it will deny Plaintiff's Motion, the Court did not await a response from Defendants.

On March 27, 2018, the Court granted Defendant Allstate Insurance Company's Motion to Dismiss for Lack of Personal Jurisdiction, because Plaintiff failed to provide any evidence to show that the Court has personal jurisdiction over Allstate in this matter. (Doc. 40.) However, the Court granted Plaintiff's request to transfer, not dismiss, her claims against Allstate under 28 U.S.C. § 1631, and the Court transferred the claims to the District that clearly has the closest connection to this action based on the record before the Court—the Eastern District of Michigan. Based on Plaintiff's own concern that the Eastern District of Michigan may not have personal jurisdiction over the other Defendant in this matter, CorVel Corporation, the Court granted Plaintiff's further request to sever her claims against CorVel and retain them before this Court.

Plaintiff now challenges the Court's latter decision granting her request, because she will have to litigate against the two Defendants in two separate Districts. Plaintiff asks the Court to certify its decision transferring her claims against Allstate to the Eastern District of Michigan as a final judgment against Allstate, arguing there is no just reason for delay of entry of partial final judgment under Federal Rule of Civil Procedure 54(b). (Doc. 41.)

As a threshold matter, it appears that transfer orders such as the one this Court entered under 28 U.S.C. § 1631 are interlocutory and not immediately appealable. *E.g.*, *McGuire v. United States*, 550 F.3d 903, 912 (9th Cir. 2008) ("After the government's motion to transfer the contract dispute back to the Court of Federal Claims was denied, the Federal Circuit entertained the government's *interlocutory* appeal pursuant to 28 U.S.C. § 1292(d)(4)." (emphasis added)); *see also United States v. White*, 53 F. Supp. 2d 976, 980 (W.D. Tenn. 1999) ("The majority view of the federal appellate courts is that an order of transfer under 28 U.S.C. § 1631 is a non-appealable collateral order."), *aff'd*, 83 F. App'x 113 (6th Cir. 2003). Because it is possible the Court of Appeals would conclude that this court's transfer Order is appealable, the Court will examine both whether there is no just reason for delay of entry of a final judgment against Allstate under Rule 54(b), as Plaintiff requests, and also whether it would be appropriate for the Court to certify the transfer Order pursuant to the interlocutory decision rules in 28 U.S.C. § 1292(b).

With regard to the appeal of a final judgment, the decision whether there is no just reason for delay of entry of final judgment against only one defendant under Rule 54(b) is at the district court's discretion because it is "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)). As for an interlocutory appeal, a portion of the statute governing interlocutory decisions, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, he shall so state in writing such an order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

To begin with, the Court notes that the basis of Plaintiff's desire to appeal the Court's decision—to avoid litigating against two Defendants in two separate Districts—is a result of Plaintiff's own request to sever the claims against the two Defendants and retain the claims against CorVel in this Court. (Doc. 38, Pl.'s Resp. at 17 n.13 ("Even if this Court found no jurisdiction over Allstate, then another, more appropriate option would be to sever the claims against CorVel and keep them here.").) Plaintiff cannot now complain about what she herself requested. And, to the Court's knowledge, Plaintiff has not attempted to seek a transfer of her claims against CorVel to the Eastern District of Michigan, so that she would not have to litigate in two different Districts.

The Court also notes that, in her present Motion, Plaintiff does not argue that the Court was wrong in concluding that she failed to present any evidence to support her conclusory arguments that the Court has personal jurisdiction over Allstate. In any event, such an argument would be devoid of merit. Because Plaintiff would not be able to present new evidence to the Court of Appeals to try to demonstrate this Court's personal jurisdiction over Allstate, the Court finds that any appeal of its decision would lack merit.

Moreover, an appeal of the Court's decision—presuming the Court of Appeals would find it has jurisdiction over such an appeal—would not advance this litigation. The time required for the Court of Appeals to resolve any appeal by Plaintiff is likely to be substantial. During the pendency of that appeal, this Court could either: 1) proceed in resolving Plaintiff's claims against CorVel, which would have the effect Plaintiff is concerned about, namely, having to litigate separately against each of the two Defendants; or 2) stay Plaintiff's claims against CorVel, which would have the effect of delaying resolution of this case for an extended period of time. Plaintiff will be no closer to the final resolution of her claims at the end of the proposed appeal process as she is now.

Rule 1 of the Federal Rules of Civil Procedure, which underlies all the others, states that the Court must "secure the just, speedy, and inexpensive determination of every action" in employing the Rules. The Court's transfer of Plaintiff's claims against Allstate to a District with personal jurisdiction over Allstate and that has the closest connection to Plaintiff's claims may lead to some additional costs to Plaintiff, but allowing Plaintiff to appeal the Court's decision now will result in substantial delay in the resolution of Plaintiff's claims and will likely result in the very additional costs Plaintiff would like to avoid. Plaintiff has not been deprived of a venue to bring her claims against Allstate. For all of these reasons, the Court cannot conclude that there is no just reason for delay of entry of final judgment against Allstate under Rule 54(b), nor can the Court conclude that an interlocutory appeal of the Court's transfer Order would materially advance this litigation.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Certification of Order as Final Under Rule 54(b) (Doc. 41).

Dated this 10th day of April, 2018.

Honorable John J. Tuchi
United States District Judge