**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon P. Humphries, | No. CV-17-01606-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Insurance Company, et al., | |
| Defendants. | |

This case was filed over two years ago on May 25, 2017. (Doc. 1.)

On August 1, 2017, Defendant Allstate Insurance Company ("Allstate") filed a Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 17.)

On August 15, 2017, Plaintiff filed a motion requesting "that all parties' MIDP deadlines be deferred until the Court rules on Allstate's motion to dismiss." (Doc. 25 at 2.) Plaintiff reasoned that if discovery obligations were deferred as to Allstate but not as to the other parties, the case would "proceed inefficiently and piecemeal." (*Id.* at 3.)

On August 16, 2017, the Court ordered that all parties' MIDP obligations were stayed "pending resolution of Allstate's Motion to Dismiss." (Doc. 26 at 1.)

On August 21, 2017, Plaintiff filed a first amended complaint ("FAC"). (Doc. 27.)

On September 5, 2017, Allstate filed a motion to dismiss the FAC "for lack of personal jurisdiction, on the same grounds and for the same reasons set forth in Allstate's currently-pending motion to dismiss the original complaint." (Doc. 32.)

On March 27, 2018, the Court granted Allstate's pending motion to dismiss the

FAC,[1] ruling that Plaintiff had failed to provide evidence sufficient to establish personal jurisdiction over Allstate in Arizona under either a general or specific theory of personal jurisdiction. (Doc. 40 at 2-9.) The Court severed the claims against Allstate and transferred them to the Eastern District of Michigan, retaining jurisdiction over Defendants CorVel Corporation and CorVel Healthcare Corporation ("CorVel"). (*Id.* at 10.)

On April 6, 2018, Plaintiff filed a "Motion for Certification of Order As Final Under Rule 54(b)," requesting certification of the March 27, 2018 order. (Doc. 41.)

On April 10, 2018, the Court denied Plaintiff's motion for certification. (Doc. 42.) The Court noted that (1) "the basis of Plaintiff's desire to appeal the Court's decision—to avoid litigating against two Defendants in two separate Districts—is a result of Plaintiff's own request to sever the claims against the two Defendants and retain the claims of CorVel in this Court[,]" (2) "[b]ecause Plaintiff would not be able to present new evidence to the Court of Appeals to try to demonstrate this Court's personal jurisdiction over Allstate, . . . any appeal of its decision would lack merit[,]" and (3) an appeal would take a substantial amount of time and if the claims against CorVel were stayed, it would "have the effect of delaying resolution of this case for an extended period of time." (*Id.* at 3.)

On April 12, 2018, the Court ordered that the stay imposed on August 16, 2017, "pending resolution of Allstate's Motion to Dismiss" was lifted. (Doc. 43.)

On April 19, 2018, the Court set a case management conference on June 11, 2018. (Doc. 44.)

On May 8, 2018, the Ninth Circuit informed Petitioner and this Court that a petition for writ of mandamus had been received and a docket number had been assigned to the case. (Doc. 45.)

On May 23, 2018, the Court issued an order vacating the case management conference and staying the action "pending the outcome of Plaintiff's interlocutory appeal." (Doc. 49 at 2.) The Court ordered Plaintiff to file a notice "within five days of the resolution of her interlocutory appeal" or a status report by November 30, 2018,

---

[1] The order also denied as moot Allstate's motion to dismiss the original complaint because the FAC superseded it.

whichever was sooner. (*Id.*)

On November 26, 2018, Plaintiff filed a status report stating that the appeal was being considered for oral argument in March 2019. (Doc. 55.) On December 6, 2018, the Court ordered Plaintiff to file a second status report within five days of the resolution of the appeal or by April 1, 2019, whichever was sooner. (Doc. 56.)

On March 12, 2019, the Ninth Circuit denied the petition for mandamus. (Doc. 57.) The Ninth Circuit's four-page opinion analyzed the petition under the five *Bauman*[2] factors and determined that the petition did "not warrant the extraordinary use of [its] mandamus powers"—indeed all five factors favored denying the petition. (*Id.*)

On April 1, 2019, Plaintiff filed a status report, stating that the Ninth Circuit had denied the petition for writ of mandamus, but that Plaintiff had "filed a timely petition for rehearing en banc, which remains pending before the Ninth Circuit." (Doc. 58.)

On May 8, 2109, Plaintiff's petition for rehearing en banc was denied. Plaintiff didn't bother to notify the Court. For over three months, Plaintiff allowed this action to languish, even though the interlocutory appeal was over. As a result of (1) Plaintiff's insistence upon filing an interlocutory appeal to avoid a result caused by Plaintiff's "own request to sever the claims" after having been warned that an appeal would be meritless (Doc. 42 at 3), and (2) Plaintiff's failure to apprise the Court of the status of that appeal for over three months, this case is over two years old and has never gotten off the ground.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Id.* "Only 'unreasonable' delay will support a dismissal for lack of prosecution." *Id.* The Ninth Circuit has affirmed dismissal *without prejudice* for a delay as short as four weeks, noting that "[a] relatively

---

[2] *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977).

brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Id.* at 497.

The Court will order Plaintiff to show cause why this case should not be dismissed without prejudice for failure to prosecute. Plaintiff must file a memorandum, not to exceed five pages, by August 23, 2019. The Court is interested in knowing (1) the reason for Plaintiff's failure to inform the Court that the appeal was resolved and the stay should be lifted, (2) the prejudice, if any, to Plaintiff if this case were dismissed without prejudice—particularly whether any statute of limitations would bar the case from being filed anew, and (3) Plaintiff's suggestions as to how the case could proceed expeditiously from this point forward, if the Court were to determine that dismissal is not an appropriate sanction at this time.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a memorandum by **August 23, 2019**, not to exceed five pages, showing cause why this case should not be dismissed for failure to prosecute.

Dated this 16th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge